**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MICHAEL DEWAYNE ANDERSON,** <br> **AIS #156270,** : | |
| Plaintiff, : | |
| vs. : | CIVIL ACTION 12-0473-CG-N |
| **GOVERNOR ROBERT BENTLEY, et al.,** : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION**

This § 1983 action, filed by an Alabama prisoner inmate proceeding pro se, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  During the screening of the complaint, the Court discovered that this action is subject to provisions of 28 U.S.C. § 1915(g).  Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Plaintiff indicates that he is bringing this action with two other inmates, Otis Brown and Ronald Harris.  (Doc. 1, p. 8).  However, these other inmates have not signed the complaint, nor have they filed individual motions to proceed without prepayment of fees (inasmuch as no filing fee was paid when this action was filed).  Plaintiff is, therefore, deemed to be the sole plaintiff to this action.  Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir.) (holding that pursuant to the Prison Litigation Reform Act only one prisoner who is seeking leave to proceed in forma pauperis can proceed in an action), cert. denied, 534 U.S. 1136 (2002).

Because inmate Anderson alone is bringing this action, section 1915(g) comes into play. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three previous actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that plaintiff had at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, Anderson v. Ferrell, CA 02-0691-BH-C (S.D. Ala. June 23, 2003); Anderson v. Thomas, CA 03-0250-CB-D (S.D. Ala. Dec. 21, 2004); Anderson v. Mobile Register, CA 03-0831-WS-B (S.D. Ala. Mar. 16, 2005); and Anderson v. Myers, CA 99-0487-WDB-WPG (N.D. Ala. Mar. 15, 2000). Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).[1]

---

[1] Even though the Court discovered the above cases filed by plaintiff, plaintiff indicates in his complaint that he had not filed lawsuits in state or federal court concerning his imprisonment or the same or similar facts that he raises in the present action. (Doc. 1, p. 3).

In order to avoid the dismissal of the present action under § 1915(g), plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing.  See Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the complaint's allegations (Doc. 1), the Court does not discern a claim showing that plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint in July, 2012.  Plaintiff's complaint is denominated as a "Class Action Complaint," (Doc. 1, p. 8), that is being brought on behalf of others similarly situated against Robert Bentley, Governor of Alabama; Callie T. Dietz, Administrative Director of Courts for Alabama; and Charlie Graddick, Presiding Circuit Court Judge of the Thirteenth Judicial District of Alabama.  (Id., p. 12).  Plaintiff complains about the attorney who was appointed to represent him in 1995 when he was charged with murder.  (Id., p. 15).  Plaintiff further complains that appointed criminal defense counsel failed to appear at the arraignment hearing, did not meet with plaintiff until two months later, did not show plaintiff discovery materials, did not interview or

---

Then, plaintiff signed his complaint under penalty of perjury.  (Id., p. 7).  The failure to list prior cases is considered sanctionable conduct warranting the dismissal of an action for an abuse of process and the counting of the dismissal as a strike.  Hill v. Bishop, No. CA 11-0620-WS-C, 2012 WL 1698382, at *2-*3 (S.D. Ala. Apr. 12, 2012) (reviewing prisoner cases that were dismissed as a sanction for the plaintiff's failure to list his prior cases because the plaintiff's failure was an abuse of process).

subpoena a witness for trial on February 18, 1997, did not apply for extraordinary funds to retain an expert or an investigator, and did not discuss possible defenses.  (Id., pp. 17-18).  In plaintiff's Rule 32 proceeding, his retained Rule 32 attorney elicited testimony from plaintiff's appointed criminal defense counsel that when he represented plaintiff he had too many cases, which caused him to be unprepared when the judge forced him to try the case.  (Id., p. 17).

Plaintiff contends that the Mobile County "contract system" did not provide him with constitutional legal representation.  (Id.).  Plaintiff alleges that defendants have failed to ensure that the indigent defense system provides adequate representation to indigent persons, (id., p. 14), "to monitor case loads, supervise and to promulgate policies and guidelines[,]" (id.), and to ensure that the workloads are manageable and sufficient time is devoted to each case.  (Id., p. 21).  For relief, plaintiff seeks general, special, and punitive damages, a permanent injunction, costs, expenses, attorney's fees, and such other relief as justice may require.  (Id., pp. 23-24).

Subsequent to filing the complaint, plaintiff filed a motion to add additional defendants (Doc. 4), in which he seeks to add the individual members of the Indigent Defense Commission, without providing any supporting facts in his motion that would show involvement by each member in a claim.

In assessing whether plaintiff satisfies the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury."  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade,

C.J.).  Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed.  Id. at *2.

Absent from plaintiff's complaint is any reference to a physical injury, much less an injury that is imminent and serious.  Moreover, the dates in the allegations contained in the complaint concern criminal proceedings in 1995 through 1996 and a Rule 32 in 1998, which are extremely distant dates from the July, 2012 filing of the present action.  (Doc. 1, p. 9).  Thus, the Court concludes that plaintiff's allegations do not show that, at the time of the complaint's filing, plaintiff was under imminent danger of serious physical injury.

Because plaintiff cannot avail himself of §1915(g)'s exception, and because of his failure to pay the $350 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice.  Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 6th day of  September  2012.

    /s/Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).